# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE CELLULAR TELEPHONE ASSIGNED<br>CALL NUMBER 423-451-9792 (Target<br>Telephone 1) | )<br>)<br>) Case No. 1:23-mj-92<br>)<br>) FILED UNER SEAL<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference)

located in the \_\_\_\_Eastern\_\_\_\_ District of \_\_\_\_Tennessee\_\_\_\_, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841/846 | Conspiracy to Distribute and Possession with Intent to Distribute Controlled Substances |

The application is based on these facts:
See affidavit in support of search warrant. To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the warrant will also function as a pen register order. I thus certify that the information likely to be obtained is relevant to an ongoing criminal investigation conducted by the FBI, USPIS, and HSI. See 18 U.S.C. §§ 3122(b), 3123(b)

- ☑ Continued on the attached sheet.
- ☑ Delayed notice of  90  days (give exact ending date if more than 30 days: 06/30/2023 ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

James T. Brooks, Assistant U. S. Attorney
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 4, 2023

*Judge's signature*

City and state: Chattanooga, TN    Hon. Christopher H. Steger, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| IN THE MATTER OF THE SEARCH OF: | ) | FILED UNDER SEAL |
|---|---|---|
| | ) | |
| THE CELLULAR TELEPHONE | ) | |
| ASSIGNED CALL NUMBER 423-451-9792 | ) | Case No. 1:23-mj-92 |
| (Target Telephone 1) | ) | |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Madison Kirsch, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 423-451-9792, the "Target Telephone #1," hereafter referred to as "**TT1** and/or Target Telephone #1," further described in Attachment A, incorporated by reference herein, whose service provider is AT&T Wireless (hereinafter "AT&T"), headquartered at 11760 U.S. Highway 1, STE 600, North Palm Beach, Florida, 33408. The listed subscriber of **TT1** is **Christopher WASHINGTON** and the listed subscriber address is 2237 Nimitz Street, Chattanooga, Tennessee 37406. Target Telephone #1 is described herein and in Attachment A. The location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. See 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. See 18 U.S.C. § 3123(b)(1).

1

3. I am a Special Agent with the Federal Bureau of Investigation (FBI), assigned to the Chattanooga Residential Field Office. I am a graduate of the FBI Academy in Quantico, Virginia and I have been employed with the FBI since February, 2022. I am currently assigned to investigate various criminal violations to include financial crimes, health care fraud, domestic terrorism, violent crimes against children, gang criminal enterprises, and crimes involving drugs. I am a federal law enforcement officer who is engaged in enforcing criminal laws, including violations of Title 18 and 21 of the United States Code. In addition to my regular duties, I am tasked with investigating criminal activity related to drug-related overdoses and homicides, more specifically involving the drug Fentanyl.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841(a) and 846 (Distribution of, and conspiracy to distribute, controlled substances) are being committed, and will be committed by Christopher Washington, using **TT1**. There is also probable cause to believe that the location information described in Attachments B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court

2

of the United States (which includes a magistrate judge of such a court) that has jurisdiction over the offense being investigated, see 18 U.S.C. § 2711(3)(A)(i).

**PROBABLE CAUSE**

7. The United States, including the Federal Bureau of Investigation, Safe Streets Task Force Officers with the Chattanooga Police Department, Homeland Security Investigations, and the United States Postal Services is conducting a criminal investigation of Christopher WASHINGTON and others regarding possible violations of Title 21, United States Code, Sections 841(a) and 846.

8. Through this investigation, law enforcement has been able to identify several key individuals as it relates to the distribution of narcotics resulting in death. Law enforcement officials have informed the undersigned that encrypted messages on Telegram indicate two individuals—"Haze" and "Rue Mush"—sold narcotics to another individual who ingested some of those narcotics and also provided them to a young female who appears to have died from the ingestion of those narcotics. "Haze" and "Rue Mush" have now been identified and were interviewed on March 9, 2023. Through the interview of "Haze" and "Rue Mush" and through further investigation, it has been revealed that "Haze" and "Rue Mush" obtained the narcotics directly from the user of **TT1** at a YMCA in Chattanooga, who, in turn, received it from another person who is currently unknown. The recovered text conversations (outlined below) between "Haze" and the user of **TT1**, corroborate "Haze's" description of the transaction and I have recovered documentation that confirms **TT1** user Christopher Washington was at the YMCA on that day. "Haze" was not entirely truthful in his interview with law enforcement officials. Most

3

notably, "Haze" falsely denied that he knew he was purchasing fentanyl[1] from Christopher Washington but his texted conversations clearly show that he did know.

9. Christopher Washington was identified by "Haze" and "Rue Mush" as their regular marijuana dealer. Additionally, after providing consent, "Haze" and "Rue Mush" identified Christopher Washington as "Chris" with an emoji of a money bag next to it in "Haze's" cellular device. "Haze" and "Rue Mush" informed law enforcement personnel that Christopher Washington owns a food truck, identified by the name "Royal Eatz," from which he serves food.

10. As a result of receiving consent to search the phone of "Haze," the messages exchanged between "Haze" and Christopher Washington occurring on August 1, 2022, are as follows:

> Message from "Haze"
> *Yo woatie you know who has good prices on fent*
> Message from **TT1**
> *Real fent or pill*
> Message from "Haze"
> *real*
> Message from **TT1**
> *Im check*
> Message from "Haze"
> *But I just need to make some side money while I'm waiting for these shrooms*

---

[1] I use the term "fentanyl" generically to include fentanyl and para-fluorofentanyl, which is a Schedule I controlled substance and an analogue of fentanyl. Subsequent lab reports confirmed that the actual substance "Haze" sold was para-fluorofentanyl. I am aware that fentanyl and para-fluorofentanyl are commonly referred to on the streets as fentanyl.

4

Message from **TT1**

*Check around and get back w you*

*You need that*

*Hit me up asap...it's around*

*Real one*

Message from "Haze"

*What's the zipper talkin about*

Message from **TT1**

*2K*

*He said they on 25s too not 28*

*You can put Sum on it if u want too*

*Bro gotta go next hr so I need to know*

*Sum*

The following messages continued on August 2, 2022

Message from "Haze"

*Shit my bad my girl opened these and didn't tell me I got the bread on me rn*

Message from **TT1**

*I can get you right just lmk*

Message from "Haze"

*Okay I'm free nowza*

Message from **TT1**

*It's be after 4 til I can get w you*

Message from "Haze"

*Okay bet*

*An outgoing call was placed to **TT1**

Message from **TT1**

*Pull up to ymca 5:30*

Message from "Haze"

*Okeee*

5

> Message from **TT1**
>
> *5:45 to be safe*
>
> *Running one more ge*
>
> *Game*
>
> Message from "Haze"
>
> *Alrighty bet*
>
> Message from **TT1**
>
> *6 at safest lyk if it change stay by your phone*
>
> Message from "Haze"
>
> *Fashooo*
>
> Message from **TT1**
>
> *Pull up rn just finished*
>
> Message from "Haze"
>
> *You're talkin about the y on Shallowford*
>
> *I'm ten from zat one*
>
> Message from **TT1**
>
> *Bet*
>
> *Wya*
>
> *I'm all the way to the right*
>
> *He said them 15gs*
>
> *150 a g*
>
> Message from "Haze"
>
> *Heard dat brother preciate u*

In these exchanges of text messages, I believe "Haze" is inquiring about the drug Fentanyl. I also believe the conversation indicates that **TT1** was able to locate Fentanyl and instructed "Haze" on where to meet him in order to purchase the drug. **TT1** gave a particular area in the parking lot on where to meet him in order to complete the purchase of the fentanyl.

6

11. Through phone conversations that took place on "Haze's" phone, investigators, with the cooperation of "Haze," determined that the Fentanyl was directly purchased from Christopher Washington, but also that Washington received it from, and the transaction was facilitated by, an unknown individual that Christopher Washington knew. "Haze" further described the unknown individual as someone that Christopher Washington is very close to, someone that Washington refers to as his brother.

12. Through an order authorizing the installation and use of a pen register trap and trace device for **TT1** signed by this Court, I have been able to identify several telephone numbers corresponding with **TT1** on a frequent basis. Of these telephone numbers, a number assigned to Vincent McColley Jr. and a number assigned to Daisean Thomas were two of the most frequent as of March 30, 2023.

13. Chattanooga Police Department reports show that Christopher Washington has been arrested several additional times related to drug charges. On November 15, 2020, Christopher Washington was arrested for Schedule I-VII drug charges, amongst others, where officers seized 183 grams of marijuana and 10.100 grams of unidentified blue pills. On February 14, 2021, Christopher Washington was arrested after officers seized from his vehicle- 1.000 pound of marijuana, a scale, 50 baggies, and 43.000 marijuana edibles, amongst other items.

14. An official Forensic Chemistry Report was completed by the Tennessee Bureau of Investigation's Crime Laboratory on June 8, 2021. The laboratory conducted a chemical analysis on a singular tablet, consistent in appearance with an additional 82 tablets seized from Christopher Washington. The results of that test concluded that the tablets seized were Fentanyl.

15. According to a Chattanooga Police Report from August 27, 2022, the driver of the car, Christopher Washington, was arrested with Daisean Thomas and another individual after officers searched the vehicle and found firearms, marijuana, a digital scale, and large amounts of US Currency. The charges imposed included Schedule I-VII Drug Violations, Unlawful Drug Paraphernalia, and possession of a firearm while in commission of a felony, amongst other charges.

16. According to a Chattanooga Police Report from September 2, 2022, a traffic stop was conducted when a vehicle matching the description of a vehicle that fled an attempted traffic stop months prior was seen. Upon approaching the vehicle, the driver was identified as Vincent McColley. Vincent McColley informed the officer that the vehicle he was driving belonged to his son, Christopher Washington. Vincent McColley is currently incarcerated on charges related to drug possession.

17. I believe based on training, experience, and knowledge of this investigation that Christopher Washington is utilizing **TT1** to facilitate the distribution of illegal drugs as well as transport illegal cash proceeds from the drug transaction in the Eastern District of Tennessee.

18. I believe that Washington is using **TT1** to commit violations of 21 U.S.C. 841, 846, and 843 within the Eastern District of Tennessee. I am seeking this search warrant to identify the location that Washington is using to store narcotics and illegal proceeds from narcotics transaction, and to identify when these narcotics are being transported in the Eastern District of Tennessee. Additionally, I am seeking this search warrant to further identify individuals that Washington is working with in an attempt to identify the unidentified fentanyl dealer.

8

## Verification of Christopher Washington as User of Telephone

19. Information returned pursuant to an administrative subpoena confirms that the subscriber to **TT1** provided the following address: 2237 Nimitz Street, in Chattanooga, Tennessee. Record searches, including a CLEAR database search, confirm that this address is where Washington currently resides, and this is the address that Washington provided when he obtained his most recent Tennessee driver's license. I believe that based upon the aforementioned probable cause, that Christopher Washington is using **TT1** to facilitate his drug trafficking activities and in the furtherance of this drug conspiracy. I believe that obtaining the requested geo-location of **TT1** through AT&T will allow investigators to locate the subject(s) utilizing the Target Cell Phone without jeopardizing the investigation and therefore investigators will more likely be successful in obtaining the necessary evidence to further their investigation. I further believe that the requested search warrant will enable investigators to more effectively collect evidence of the crimes being committed by the targeted organization, identify locations utilized by the organization to facilitate their criminal activities, identify co-conspirators and their locations.

20. In my training and experience, I have learned that AT&T is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several

9

of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

21. Based on my training and experience, I know that AT&T can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phones on AT&T network or with such other reference points as may be reasonably available.

22. Based on my training and experience, I know that AT&T can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless provider such as AT&T typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

23. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

24. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 90 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phones would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. See 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B which is incorporated into the warrants, the proposed search warrants do not authorize the seizure of any tangible property. See 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. See 18 U.S.C. § 3103a(b)(2).

25. I further request that the Court direct AT&T to disclose to the government any information described in Attachments B that is within the possession, custody, or control of AT&T. I also request that the Court direct AT&T to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T network including by initiating a signal to determine the location of the Target Cell Phones on AT&T networks or with such other reference points as may be reasonably available, and at such

intervals and times directed by the government. The government shall reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

26. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

27. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Additionally, this Affidavit contains statements of co-conspirators in the investigation which, if revealed at this time, may jeopardize the safety of said individuals or result in witness tampering or intimidation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Madison Kirsch
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on APRIL 4, 2023

HONORABLE CHRISTOPHER H. STEGER
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A
**Property to Be Searched**

1. The cellular telephone assigned call number 423-451-9792, whose wireless service provider is AT&T, a wireless telephone service provider whose legal compliance center is headquartered at 11760 U.S. Highway 1, STE 600, North Palm Beach, Florida, 33408.

2. Records and information associated with the Target Telephone #1 that are within the possession, custody, or control of AT&T, including information about the location of the cellular telephones if they are subsequently assigned a different call number.

## ATTACHMENT B
## Particular Things to be Seized

I. Information to be Disclosed by the Provider

All information about the location of the Target Telephone #1 described in Attachment A-1 for a period of thirty days, during all times of day and night. "Information about the location of the Target Telephone #1" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephones described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Target Telephone #1 on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. See 18 U.S.C. § 3103a(b)(2).

II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of Title 21, United States Code, Sections 841(a)(1), 846, and 843(b) involving Christopher Washington or unidentified subject(s).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.